# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

Presidential Candidate Number P0005535 )
"also known as" a/k/a Ronald Satish )
Emrit, & PResidential Committee/Political )
Action Committee/Separate Fund (SSF) )
Number C00569897 d/b/a United Emrits )
of America, )
                                        )   **REPORT AND**
            Plaintiff,                  )   **RECOMMENDATION**
                                        )
        vs.                             )
                                        )   Case No. 1:26-cv-070
Governor Tim Walz of Minnesota, Attorney )
General Keith Ellison of the State of   )
Minnesota, Estate of George Floyd,      )
Hennepin County State Attorney Office,  )
Ramsey County State Attorney Office,    )
Congreswoman Ilhan Omar (D - Minnesota), )
The City of New Ulm, Minnesota, the City )
of Rochester, Minnesota, The Lawless    )
Nation of Somalia and the city of Mogadishu, the )
Immigrants in Minnesota and Maine Interfering )
with the Lifestyle of True Americans not from )
Somalia, Pirates from Somalia as in the movie )
"Captain Phillips" Starring Tom Hanks,  )
                                        )
            Defendants.                 )

Plaintiff Ronald Satish Emrit ("Emrit") is a frequent filer.[1] He initiated the above-captioned

action *pro se* on March 13, 2026, with the submission of a motion for leave to proceed *in forma*

---

[1] "A well-documented ''serial pro se filer' since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii" and has been "deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." Emrit v. Cent. Intel. Agency, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D.W. Va. Apr. 1, 2022), report and recommendation adopted, No. 3:22-CV-35, 2022 WL 1573175 (N.D.W. Va. May 18, 2022). Excluding the instant action and other action he is presently endeavoring to file against former Presidents Obama and Biden, and others, Case No. 1:26-cv-065 (D.N.D.), Emrit has filed six action in this district that have dismissed on initial review. See Emrit v. Burnett, et al., Case No. 1:25-cv-259 (D.N.D.); Emrit v. Thune, et al., Case No. 1:25-cv-165 (D.N.D); Emrit v. Moore, et al., 1:25-cv-164 (D.N.D.); Emrit v. United States Patent and Trademark Office, et al., Case No. 1:25-cv-163 (D.N.D.); Emrit v. Musk, et al, Case No. 1:25-cv-008 (D.N.D); and Emrit v. Silrum, et al., Case No. 1:17-cr-212 (D.N.D.).

1

*pauperis* and proposed complaint. (Doc. No. 1, 1-1). For the reasons that follow, the undersigned recommends that this action be dismissed as frivolous and for failure to state a claim. The undersigned further recommends that Emrit's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be deemed moot.

## I.    BACKGROUND

Emrit names Minnesota Governor Tim Walz and others as defendants in the caption of his complaint. (Doc. No. 1-1). In his complaint, under the heading "Statement of Facts," he asserts that former Minneapolis, Minnesota, police officer Derrick Chauvin deserves clemency and/or a full presidential pardon. (Id. at ¶¶ 25 through 29). He then asserts goes on to assert claims against former President Obama despite the fact that he does not name former President Obama as a defendant in the case caption. (Id. at ¶¶ 30 through 3). Specifically, he alleges that former President Obama "is defaming the current president by appearing in interviews and podcasts when most former presidents try to stay out of the spotlight based on a sense of professional courtesy" (Count I) and "has become a public nuisance by trying to remain relevant to the modern-day political conversation" (Count II). (Id. at ¶¶ 30 and 31). He also asserts that unnamed "companies which feature" former President Obama on their podcasts and interviews "are committing the tort of industrial espionage" (Count III) and "committing the tortious interference with business relations/contacts under the Federal Tort Claims Act (FTCA)" (Count IV). (Id. at ¶¶ 31 and 32). Notably, he does not assert any discernable claims against any of the named defendants. Attached as exhibits to his complaint are letters from the Florida and Rhode Island Departments of State regarding matters unrelated to the instant action, what appears to be a list of entrants to a John Lennon songwriting contest in 2007, various photos, and copies of Plaintiff's passport and Nevada

drivers license. (Doc. Nos. 1-2 through 1-7).

## II.   <u>STANDARD OF REVIEW</u>

Title 28 of the United States Code, Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous when "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see</u> <u>also</u> <u>Robinson v. Bridgeport Pub. Sch.</u>, No. 8:16CV177, 2016 WL 3920167, at *3 (D. Neb. July 15, 2016) (requiring plaintiffs to set forth enough factual allegations to nudge their claims across the line from conceivable to plausible). In applying the standard, the court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)); <u>Jones v. Douglas Cty. Sheriff's Dep't</u>, 915  F.3d 498, 499 (8th Cir. 2019); <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004).  On the other hand, the court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded" and  "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." <u>Wiles v. Capitol Indem. Corp.</u>, 280 F.3d 868, 870 (8th Cir. 2002); <u>see</u> <u>also</u>

Hamilton v. Palm, 621 F.3d 816, 817-18 (8th Cir. 2010) ("A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice."

*Pro se* complaints must be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted).

## III.    **DISCUSSION**

Plaintiffs claims cannot survive review under 28 U.S.C. § 1915(e)(2)(B) as they fail to state a claim and are otherwise frivolous on their face. Plaintiff has asserted no claims against any of the named defendants. Rather, Plaintiff makes fantastical and nonsensical assertions regarding media appearances by former President Obama's and tortious conduct by unnamed organizations. Without a doubt, these assertions rise to the level of irrationality that requires dismissal.

In addition, it has not escaped the undersigned's notice that Plaintiff either filed or sought leave to file without prepayment of fees complaints in this district and other districts containing the same claims about former President Obama. See Emrit v. Obama, et al., No. 1:26-cr-065 (D.N.D.); see e.g., Emrit v. Obama et al, No. 3:2026cv03083 at Doc. No. 3 (C.D. Ill. March 11, 2026); Emrit v. Obama, et al., No. 3:26-cv-00306 at Doc. No. 1. (M.D. Tenn. March 13, 2026). This court can may take judicial notice of proceedings from other federal district courts. See Cochrun v. Fluke, No. 4:19-CV-04113-LLP, 2019 WL 6330717, at *1 (D.S.D. Sept. 10, 2019), report and recommendation adopted, No. CV 19-4113, 2019 WL 6330164 (D.S.D. Nov. 26, 2019) (citing Hood v. United States, 152 F.2d 431 (8th Cir. 1946)). Additionally, as a matter of comity, this court may decline

jurisdiction over an action when "a complaint involving the same parties and issues has already been filed in another district." Morgan v. Sundance, Inc., No. 4:18-CV-316, 2019 WL 5089208, at *3 (S.D. Iowa Mar. 5, 2019); see also Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985).

## IV.    CONCLUSION AND RECOMMENDATION

Finding that Emrit has failed to state a plausible claim and that this action is frivolous, the undersigned **RECOMMENDS** that the Court **DISMISS** this action without prejudice and deem Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 1) **MOOT**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), Emrit shall have fourteen days from service of to object to this recommendation.  Failure to file appropriate objections may result in recommended action without further notice or opportunity to respond.

Dated this 27th day of March, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court